510 F.2d 223
 10 Fair Empl.Prac.Cas. 163, 9 Empl. Prac.
Dec. P 9975,
166 U.S.App.D.C. 270
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Allison Palmer, Appellant
v.
William P. Rogers, Secretary of State, et al., Appellees
 No. 73-2110.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 13, 1975.
 
 Before McGOWAN, MACKINNON and WILKEY, Circuit Judges.
 
 PER CURIAM
 Judgment
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. On consideration of the foregoing, it is
 
 
 2
 Ordered and Adjudged by this Court that the judgment of the District Court appealed from in this cause is hereby reversed and this case is hereby remanded to the District Court, for the reasons set forth in the attached memorandum.
 
 Memorandum
 
 3
 Appellant, a Foreign Service Officer, brought suit in the District Court, pursuant to the amendments of Title 7 of the Civil Rights Act of 1964 effected by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. Sec. 2000e-16(c) (1974), alleging sex discrimination in her employment. A motion to dismiss for lack of jurisdiction was granted by the District Court on September 7, 1973; and this appeal is from that action.
 
 
 4
 The briefs on appeal were largely addressed to the question of whether the 1972 amendments are to be applied retrospectively. After such briefs were filed, this court, on October 1, 1974, decided in No. 72-1827 Womack v. Lynn that the 1972 amendments do apply retroactively in the case of actions pending on their effective date. Appellant thereupon filed a motion for summary reversal, relying upon Womack and pointing out that it has, if anything, a fortiori application in this case because the administrative proceedings instituted by appellant were still pending before the Civil Service Commission on March 24, 1972, the effective date of the 1972 amendments. See Koger v. Ball, 497 F.2d 702 (4th Cir.1974), relied upon in Womack. Those proceedings were completed on September 8, 1970 and the complaint in the District Court was filed in May of 1971.
 
 
 5
 In view of the apparent decisiveness of Womack with respect to the jurisdictional issue, we asked the parties, at oral argument of this appeal, to direct their attention to the pending motion of summary reversal. Appellees, in their written opposition to that motion, did not contest the applicability of Womack, but rather pressed their contention that dismissal of the complaint was proper in any event because of mootness, it being asserted that there is no longer any substantial case or controversy because of the extensive relief granted to appellant in consequence of the administrative proceedings.
 
 
 6
 With the advent of Womack, it is clear that the jurisdictional grounds relied upon by the District Court for dismissing the complaint are no longer tenable. We note that appellant's claim for back pay has remained, and is now, pending in the District Court, and is not involved in this appeal. To the extent that appellant continues to seek relief over and above that involved in back pay, as she asserts to us that she does, it would appear that the issue of mootness should be presented to and ruled upon in the first instance by the District Court.